UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LESTER WEATHERSPOON, *Pro Se*, | ) | Case No.: 1:07 CV 2078 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| CLIFFORD SMITH, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On July 12, 2007, Petitioner Lester Weatherspoon ("Petitioner" or "Weatherspoon"), *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1), pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction for one count of burglary. (Verdict Form, Gov't's Ex. 5, ECF No.7-2, at 14.) Weatherspoon's Petition alleged two grounds for relief: (1) that he was denied his right to a speedy trial, pursuant to the Sixth Amendment and O.R.C. § 2945.71(C)(2), where the trial court granted five *sua sponte* continuances that caused his trial to be held more than 270 days after the initiation of prosecution; and (2) that the trial court's denial of Petitioner's motion for a mistrial violated Petitioner's constitutional right to a fair and impartial trial and jury where an observer made a comment in the presence of potential jurors that Weatherspoon was a "career criminal." (Petition at 5.)

This court referred the case to Magistrate Judge Patricia A. Hemann for preparation of a

Report and Recommendation. (ECF No. 4.) On October 25, 2007, Respondent Clifford Smith, Warden ("Respondent" or "Smith"), timely filed his Return of Writ. (ECF No. 7.) The Magistrate Judge submitted her Report and Recommendation on December 13, 2007, recommending that Weatherspoon's Petition be dismissed. (ECF No. 8.)

Specifically, the Magistrate Judge found that Petitioner's claim that the trial court violated his Ohio statutory right to a speedy trial did not raise a cognizable ground for habeas relief. (*Id.* at 9-10.) Furthermore, the Magistrate Judge found no violation of Petitioner's Sixth Amendment right to a speedy trial because commencing a trial within 334 days did not constitute a "presumptively prejudicial" delay, and Petitioner did not allege or demonstrate that the government acted negligently or in bad faith or that the delay caused Petitioner any actual prejudice. (*Id.* at 10, 12); *see Doggett v. United States*, 505 U.S. 647, 651 (1992).

As to Petitioner's second ground, the Magistrate Judge found that Petitioner did not show by clear and convincing evidence that the state appellate court erred in finding that the trial court properly refused to declare a mistrial where it had dismissed all jurors who had heard the "career criminal" comment and had ensured that no seated jurors had heard the comment. (*Id.* at 16; Resp't's Return of Writ at 17-20.) Furthermore, the Magistrate Judge found that, even assuming that jurors had heard the "career criminal" comment, Petitioner did not allege or demonstrate that the comment resulted in actual juror bias or prejudice toward Petitioner. (ECF No. 8, at 16.)

As of the date of this Order, Petitioner has not filed objections to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The court finds, after careful review of the Magistrate Judge's Report and Recommendation and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 8.)

Consequently, Weatherspoon's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 2, 2008